UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMAL I. SCOTT                                                                  CIVIL ACTION

VERSUS                                                                          NUMBER: 14-2381

PARISH OF JEFFERSON, ET AL.                                                     SECTION: "F"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Jamal I. Scott, against Defendants, the Parish of Jefferson, the Jefferson Parish Correctional Center ("JPCC"), Lieutenant Cook, Sergeant Marshall, Sergeant Berrian, and Deputy Decay. (Rec. doc. 4). Plaintiff, an inmate of the JPCC, alleges that on August 9, 2014, a fellow inmate who was equipped with a colostomy bag and who Plaintiff believes thus should have been housed on the medical tier was assigned to Plaintiff's cell. Thereafter, the other inmate struck Plaintiff in the eye during roll call in front of Sergeant Berrian, Sergeant Marshall, and Deputy Decay for no apparent reason. (*Id.*).

In *Scott v. State of Louisiana, et al.*, No. 14-CV-2262 "N"(2), a case pending before another section of the court, Plaintiff sued the State of Louisiana, the JPCC, the Jefferson Parish Sheriff's Office, and the Twenty-Fourth Judicial District Court alleging, *inter alia*, that on August 9, 2014, he was improperly housed with an inmate who should have been on the medical unit who subsequently struck Plaintiff in the eye during the course of roll call in front of the aforementioned three correctional officers. (*See* rec. doc. 1, pp. 8-9 in 14-CV-2262).[1]

---

[1] On November 3, 2014, a Report and Recommendation was issued in 14-CV-2262 recommending that said lawsuit be dismissed based on Plaintiff's failure to correct some filing deficiencies. (Rec. doc. 3 in 14-CV-2262). However, he was afforded fourteen days within which to file objections to the Report and

The Fifth Circuit has held that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i)(formerly 28 U.S.C. §1915(d)) as being malicious.  *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. ), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1989); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The instant proceeding, which was filed *in forma pauperis*, is repetitious litigation against some of the same parties and involving one of the same causes of action presented in 14-CV-2262 and is thus subject to being dismissed as malicious under §1915(e)(2)(B)(i). The privilege of proceeding *in forma pauperis* at government expense does not entitle Plaintiff to a second ". . . bite at the litigation apple . . ." with respect to the matters of which he complains herein.  *Pittman*, 980 F.2d at 995.  As Plaintiff's previous lawsuit is still pending, the dismissal in this case should be without prejudice to his prosecution of his claim in that other proceeding.  *Lewis v. Sec. of Public Safety and Corr.*, 508 Fed.Appx. 341, 344 (5th Cir. 2013).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

---

Recommendation and to cure the deficiencies.  (*Id.*).  Since that time, Plaintiff has filed objections to the Report and Recommendation and has attempted to correct the filing deficiencies.  (Rec. docs. 4, 5 in 14-CV-2262).  The matter remains pending as of this date.

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  12th  day of _____December_____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE